IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Raymond Myles,                )
                              )
         Petitioner,          )
                              )
    v.                        )   No. 16 CV 9946
                              )
United States,                )
                              )
         Respondent.          )
                              )
                              )

## Memorandum Opinion and Order

Raymond Myles pled guilty to a charge of racketeering conspiracy. His plea agreement specified that the applicable Sentencing Guidelines range was 135-168 months, and it further provided that if the government moved at sentencing for a downward departure, then "the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of 66 percent of the low end of the applicable guideline range." Plea Agreement in 13 CR 772-13 (N.D. Ill.), DN 905 at 7, 9. Mr. Myles also agreed to waive his appellate and collateral rights, excluding his right to assert ineffective assistance of counsel, if the government moved for a downward departure. *Id*. at 13. The plea agreement provided that if I rejected the parties' agreed term of incarceration, either party was free to withdraw from the agreement.

At sentencing, the government moved for a downward departure, triggering the parties' agreement to a term of eighty-nine months of incarceration (i.e., sixty-six percent of 135 months). Nevertheless, Mr. Myles's attorney argued that he should receive credit against the agreed term for the twenty-three months Mr. Myles spent in IDOC custody on a state conviction for possession of a firearm. *See* Def.'s Sent. Mem. in 13 CR 772-13 (DN 1248) at 10; Gov't. Resp., Exh. 1, Sent. Tr. at 10:18-11:4. Defense counsel acknowledged that his argument amounted to a request that I reject the plea agreement, admitting that it was "a dangerous thing" because it meant that "all bets are off," which is to say, that the government would then be entitled to seek a longer sentence. *Id*. at 12:15-24. I agreed that the position was dangerous, after which defense counsel dropped the argument. *Id*. at 12:24-13:5. Ultimately, after hearing from counsel and from Mr. Myles himself, I accepted the plea agreement, concluding that it was "a pretty fair agreement" that was "very good" for Mr. Myles. *Id*. at 17:6-7, 18:4.

Mr. Myles has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel was ineffective: 1) for failing to appeal his sentence, and 2) for failing to raise *Witte v. United States*, 515 U.S. 389 (1995), in support of his request for a term of incarceration shorter than

he agreed to in the plea agreement. There is no merit to either argument.

First, while it is true that the plea agreement preserved ineffective assistance of counsel claims, the agreement's broad waiver of Mr. Myles's appellate rights—which was triggered by the government's request for a downward departure—fatally undermines his claim that his counsel was *per se* ineffective for failing to file an appeal. Mr. Myles articulates no basis for concluding that he is not bound by the appellate waiver, nor does he suggest that the waiver is invalid or unenforceable. Accordingly, any appeal would have been frivolous, and his attorney was not ineffective for failing to pursue one.

There is also no factual or legal support for Mr. Myles's second argument. As explained above, his attorney did, in fact, argue that Mr. Myles should receive "credit" against the agreed eighty-nine month prison term for time served on his state firearms conviction but then sensibly abandoned the argument after I observed that his effort to modify the term would effectively repudiate the plea agreement, exposing Mr. Myles to the possibility of a much longer sentence. Nothing in *Witte*—which stands for the proposition that a defendant may, consistently with the Double Jeopardy Clause, be prosecuted for conduct that was previously used as a basis for a sentencing enhancement—suggests that his counsel should have acted

otherwise. *See* 515 U.S. at 406 (because consideration of relevant conduct at sentencing does not constitute punishment for that conduct, later prosecution for the same conduct does not violate the Double Jeopardy Clause). At all events, even if Mr. Myles could somehow show that *Witte* would have strengthened his case for a downward adjustment from the parties' agreed term, it is far from clear that reneging on the plea agreement would have benefitted Mr. Myles. Accordingly, Mr. Myles cannot show prejudice as required to prevail on an ineffective assistance of counsel claim. *See Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002).

For the foregoing reasons, the motion is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 31, 2017